UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80527-RAR

ZACHARY YOUNG, and
NEMEX ENTERPRISES INC.,

      Plaintiffs,

v.

CABLE NEWS NETWORK, INC.,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 30] ("Motion"), filed on June 17, 2022. The Court has reviewed the Motion, Defendant's Response in Opposition, [ECF No. 31] ("Response"), and Plaintiffs' Reply in Support, [ECF No. 33] ("Reply"). As explained herein, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

"[A] federal court is obligated to inquire into subject matter jurisdiction . . . whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Plaintiffs argue that this case should be dismissed for lack of subject matter jurisdiction. Mot. at 1; Mot. *Exhibit A* – Young Declaration [ECF No. 30-1] ("Young Declaration"). Defendant claims that jurisdictional discovery is required to determine if subject matter jurisdiction exists before the Court entertains dismissal. Resp. at 2.

It is well-established that United States citizens domiciled abroad are stateless and cannot satisfy the complete diversity requirement to maintain federal subject matter jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989) ("The problem in this case

is that Bettison, although a United States citizen, has no domicile in any State. He is therefore 'stateless' . . . Here, Bettison's 'stateless' status *destroyed complete diversity* . . . .") (emphasis added). Defendant responds that Plaintiff Zachary Young has failed to establish that he is "stateless" for the purposes of diversity jurisdiction. Resp. at 4.

Under Eleventh Circuit precedent, a person is domiciled where he keeps his "true, fixed, and permanent home . . . to which he has the intention of returning whenever he is absent therefrom[.]" *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). Young has been a legal resident of Austria for the past 15 years, achieving official permanent resident status in 2015. Reply at 4; Young Declaration. And Defendant's argument that Plaintiff is domiciled in Florida simply because he voted in that state is insufficient as "[t]here is absolutely no requirement for overseas voters to continue to maintain a residence or to own property in the U.S. in order to vote." *See Which state do I vote in if I no longer maintain U.S. residence?*, Overseas Vote Foundation, https://tinyurl.com/53s7fvue (Last visited Jul. 15, 2022).

Simply put, all undisputed evidence before the Court indicates that Plaintiff Zachary Young is domiciled in Austria and is therefore "stateless" for purposes of diversity jurisdiction. As such, there is no need for jurisdictional discovery and the Court finds that it is without subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (holding that in the case of factual attacks on subject matter jurisdiction, a "trial court is free to weigh the evidence and satisfy itself as to . . . the merits of jurisdictional claims."). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion [ECF No. 30] is **GRANTED** and the Complaint is **DISMISSED** *without prejudice*. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED as MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of July, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**